45 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 MCI COMMUNICATIONS CORPORATION, a Delaware corporation; MCI
Telecommunications Corporation, a Delaware
corporation, Plaintiffs-Appellees,
v.
THE AMERICAN ARBITRATION ASSOCIATION, a New York
corporation, Defendant,
U.S. West COMMUNICATIONS, INC., a Colorado corporation,
Defendant-Appellant.
 No. 93-2500NI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 14, 1994.
Filed: Jan. 4, 1995.
 
 Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 U.S. West Communications, Inc. appeals the district court's order enjoining U.S. West from arbitrating a dispute, and denying U.S. West's motion to compel arbitration. We affirm.
 
 
 2
 The factual background of this case is complicated and we need only summarize it for the purpose of this appeal. In 1985 MCI Communications Corporation and MCI Telecommunications Corporation (collectively "MCI") and the predecessors in interest to U.S. West, including Northwestern Bell, settled two antitrust lawsuits. In the settlement agreements, the parties promised not to sue each another for claims related to the lawsuit and to resolve alleged breaches of the agreement through arbitration. In January 1988 Teleconnect Company sued MCI for antitrust violations. In August 1990 MCI acquired all the outstanding stock of Teleconnect Company. Notwithstanding MCI's acquisition, U.S. West continued vigorously to defend the Teleconnect lawsuit for the next two years. Twelve days before trial, however, on September 8, 1992, U.S. West filed an arbitration complaint with the American Arbitration Association under the earlier settlement agreement with MCI. U.S. West asserted MCI had acquired Teleconnect when it purchased the company's stock two years earlier and thus MCI breached the covenant not to sue by continuing to litigate the lawsuit against U.S. West. U.S. West sought any damages recovered by MCI in the pending lawsuit and U.S. West's costs in defending the action. MCI then brought this action in federal district court seeking an injunction to prevent arbitration, asserting U.S. West waived its right to arbitration by acting inconsistently with that right. U.S. West countered with a motion to compel arbitration. The district court granted MCI's motion and denied U.S. West's motion.
 
 
 3
 We review the question of waiver de novo. Stifel, Nicolaus & Co. v. Freeman, 924 F.2d 157, 158 (8th Cir. 1991). U.S. West waived its right to arbitration if U.S. West knew of an existing right to arbitration, acted inconsistently with that right, and prejudiced U.S. West by the inconsistent acts. See Ritzel Communications, Inc. v. Mid-American Cellular Tel. Co., 989 F.2d 966, 969 (8th Cir. 1993). U.S. West argues its defense of the Teleconnect lawsuit was not inconsistent with its right to arbitration because the suit involves nonarbitrable claims. U.S. West's argument is misplaced. By its actions in the lawsuit for the two years after MCI's alleged acquisition of Teleconnect and its failure to mention arbitration of the alleged breach of the covenant not to sue, U.S. West acted inconsistently with its right to arbitrate a breach of the covenant and prejudiced MCI. By the time of trial, the parties had filed nearly 300 pleadings, taken 55 depositions, argued two dispositive motions, exchanged eight sets of interrogatories, and spent millions of dollars in attorney and expert witness fees (mainly after MCI's acquisition of Teleconnect's stock). U.S. West offers no reason for its failure to seek arbitration during the two year period. Under the circumstances presented in this case, we agree with the district court that U.S. West waived its right to arbitration. We thus affirm on the basis of the district court's opinion. See 8th Cir. R. 47B.