# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1925

———————

Rhonda J. Lewallen,                            *

                       Appellee,                   *

               v.                 *  Appeal from the United States
                                    *  District Court for the Western
Green Tree Servicing, L.L.C.; U.S.    *  District of Missouri.
Bank Trust National Association, as    *
Trustee for Conseco Finance Home    *
Equity Loan Trust,                    *

             Appellants.          *

———————

Submitted: November 14, 2006
Filed: June 4, 2007

———————

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

———————

JOHN R. GIBSON, Circuit Judge.

Rhonda J. Lewallen filed for Chapter 13 bankruptcy to avoid foreclosure on her home. Green Tree Servicing, L.L.C., filed a proof of claim against the estate representing the balance on her home equity loan, interest, and various fees. Lewallen objected to Green Tree's claim and ultimately filed an adversary proceeding against Green Tree and U.S. Bank in the bankruptcy court alleging that Green Tree, as servicer of the loan, lacked standing to make a claim, that it overestimated her debt, and that its handling of her account violated various consumer protection statutes.

Green Tree and U.S. Bank filed a motion to dismiss or, in the alternative, to compel arbitration, which the bankruptcy court[1] denied. The district court[2] affirmed this denial, holding that Lewallen's claims were core bankruptcy proceedings, the bankruptcy court had discretion to refuse to enforce the arbitration provision in the loan agreement, and Green Tree waived its right to arbitration in any event. Green Tree and U.S. Bank appeal, and we affirm.

## I.

Lewallen obtained a consumer loan for $50,300 from Conseco Finance Servicing Corp. in May of 2000; the loan was secured by a deed of trust on her trailer home. Conseco consolidated this loan, along with other consumer loans, and transferred its interest in them to a securitization trust. Under a pooling and servicing agreement entered into between Conseco and U.S. Bank, U.S. Bank obtained legal title to the pooled loans, while Conseco retained the right to service the loans. Lewallen's loan agreement provided that the parties agreed to submit their disputes to arbitration.[3]

---

[1]The Honorable Jerry W. Venters, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

[2]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

[3]The provision reads:

> **ARBITRATION.** All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by Lender with Borrower's consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. . . . Notwithstanding anything hereunto the contrary,

-2-

Conseco filed for bankruptcy in 2002, and Green Tree purchased the right to service Lewallen's loan from the bankruptcy estate. Lewallen's loan was in default at the time of the transfer. According to her, both Conseco and Green Tree improperly increased her monthly payments, assessed excessive late charges against her, failed to respond to her inquiries on her account, refused to accept payment from her, and sent her erroneous overdue notices. In early 2004, Green Tree began preparations to foreclose on Lewallen's home. Lewallen attempted to refinance the loan with a new lender but her application was denied, which she attributes to Green Tree providing an inflated payoff figure to the prospective lender. On February 23, 2004, the day of the scheduled foreclosure sale, Lewallen filed her petition for bankruptcy under Chapter 13 to stop the sale. Her bankruptcy schedules listed approximately $50,000 owed on the debt serviced by Green Tree and approximately $6,000 of unsecured debt owed in taxes and credit card charges. Her home was the primary asset in the bankruptcy estate.

In the bankruptcy proceeding, Green Tree filed a proof of claim alleging a secured claim for over $54,000, plus over $4,000 in arrearages. Lewallen filed an objection, arguing that Green Tree's claim included excessive charges and fees, that Green Tree had failed to credit her for payments made and wrongfully had refused to accept payment, that Green Tree had provided confusing and inaccurate bills and

Lender retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement shall not, constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought by Lender pursuant to this provision.

failed to respond to her inquiries in violation of the Real Estate Settlement Procedures Act, that Green Tree's claim included improperly assessed late charges, and that Green Tree's attorney's costs and fees were not a proper claim because they were attributable to Green Tree's own billing mistakes and failure to respond to Lewallen's inquiries.

Although a hearing on Lewallen's objection was scheduled in the bankruptcy court for September 2004, the matter was continued several times. Lewallen served discovery requests on Green Tree during this time. When the hearing on her objection finally took place on March 22, 2005, Lewallen indicated that, in addition to objecting to the proof of claim, she wished to raise affirmative claims against Green Tree alleging violations of the Real Estate Settlement Procedures Act and other statutes. Counsel for Green Tree stated that an adversary proceeding was "the only way to resolve these issues" and asked the court to overrule Lewallen's objection. The bankruptcy court dismissed Lewallen's objection without prejudice to enable her to raise all her issues in the adversary proceeding.

Lewallen filed her adversary action, naming Green Tree and U.S. Bank as defendants, in the bankruptcy court on May 24, 2005. Her complaint recited the same facts as the objection she had filed to Green Tree's claim, and it alleged that Green Tree's conduct violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, 24 C.F.R. Pt. 3500, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o, and the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020. Lewallen later amended her complaint to add a count alleging that Green Tree violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u. Green Tree apparently had not responded to Lewallen's first discovery requests, as Lewallen served a new round of "first" requests which covered the same ground.

On June 7, 2005, Green Tree and U.S. Bank[4] sought and obtained an extension of time to file their answer. Green Tree served discovery requests on Lewallen on July 1, and, on July 15, sought an extension of time to respond to the discovery requests Lewallen had served. A few days later, the parties participated in a joint motion for continuance of the trial setting. On July 28, Green Tree filed a motion to dismiss or, in the alternative, to compel arbitration, citing the arbitration provision in the loan agreement. It also moved to extend the time for responding to discovery until after the hearing on the motion to dismiss, in case the bankruptcy court decided to send Lewallen's claims to arbitration. The record indicates that Lewallen had begun preparing responses to Green Tree's discovery requests, but neither party served responses on the other.

The bankruptcy court denied Green Tree's motion to dismiss or to compel arbitration because it had waived any claim to arbitration through its active participation in the adversary proceeding–a proceeding Green Tree had suggested. The court also noted that bankruptcy courts are intended to resolve disputes like this one. Green Tree informed the bankruptcy court that it planned to appeal, as the Federal Arbitration Act, 9 U.S.C. §16, authorized it to do, and the bankruptcy court stayed further proceedings pending the outcome of the appeal.

On appeal, the district court affirmed the bankruptcy court's order on two independent grounds. First, it held that the bankruptcy court had discretion to refuse to enforce the arbitration provision because allowing arbitration to proceed would have seriously jeopardized core bankruptcy proceedings. In addition, it held that the bankruptcy court's finding that Green Tree waived its right to arbitrate was not clearly erroneous. The court reasoned that Green Tree waited sixteen months after it filed its proof of claim to seek arbitration, served extensive discovery requests, and

---

[4]Although both are defendants, Lewallen's claims focus on Green Tree's conduct and Green Tree has taken the lead in the joint defense of the suit, so we refer to the defendants jointly as "Green Tree."

participated in six pretrial hearings. This appeal of the denial of the motion to compel arbitration ensued.

## II.

We address the waiver issue first because, if Green Tree waived its right to arbitrate Lewallen's claims, we need not consider the bankruptcy court's discretion to deny arbitration.[5] We review de novo the legal determination of waiver but examine the factual findings underlying that ruling for clear error. Kelly v. Golden, 352 F.3d 344, 349 (8th Cir. 2003); Stifel, Nicolaus & Co. Inc. v. Freeman, 924 F.2d 157, 158 (8th Cir. 1991). "[I]n light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration." Dumont v. Saskatchewan Gov't Ins., 258 F.3d 880, 886 (8th Cir. 2001) (quoting Ritzel Communications v. Mid-Am. Cellular Tel. Co., 989 F.2d 966, 968-69 (8th Cir. 1993)); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

A party may be found to have waived its right to arbitration if it: "(1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." Ritzel, 989 F.2d at 969. Green Tree concedes that it knew at all relevant times that the arbitration provision in Lewallen's loan agreement gave it an existing right to arbitrate. It contends, however, that it did not act inconsistently with its right to arbitrate and that Lewallen suffered no prejudice.

---

[5]Although the parties do not discuss the issue, the record leaves some question about Green Tree's ability to invoke the provisions of the arbitration clause as an assignee or successor in interest of Conseco. We assume without deciding that the clause is binding on the parties to this case.

A party acts inconsistently with its right to arbitrate if the party "[s]ubstantially invoke[s] the litigation machinery before asserting its arbitration right." Ritzel, 989 F.2d at 969 (quoting E.C. Ernst, Inc. v. Manhattan Constr. Co. of Tex., 559 F.2d 268, 269 (5th Cir. 1977)). A party substantially invokes the litigation machinery when, for example, it files a lawsuit on arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation in a timely manner. Stifel, 924 F.2d at 158. In concluding that Green Tree acted inconsistently with its right to arbitrate, the bankruptcy and district courts observed that Green Tree had served "extensive" discovery requests on Lewallen, filed substantive motions in the case, and participated in six hearings on its proof of claim before seeking arbitration. According to Lewallen's and the district court's calculations, Green Tree delayed asserting its right to arbitration for sixteen months, where it filed its initial proof of claim in March of 2004 and did not seek arbitration until July of 2005.

Green Tree contends that it invoked its right to arbitrate Lewallen's claims in a timely manner by filing its motion to compel arbitration just two months after she filed her adversary complaint. Green Tree raised the issue in its first responsive pleading to that complaint. Lewallen, on the other hand, argues that we should consider Green Tree's conduct from the time it filed its proof of claim against her bankruptcy estate. When a creditor files a proof of claim before the bankruptcy court, this amounts to a civil action to collect the debt, Coxson v. Commonwealth Mortgage Co. of Am., L.P. (In re Coxson), 43 F.3d 189, 193-94 (5th Cir. 1995), which arguably invokes the litigation machinery. Nonetheless, a "creditor's act of filing a proof of claim does not constitute waiver of the creditor's right to invoke an otherwise valid arbitration clause." In re Statewide Realty Co., 159 B.R. 719, 724 (Bankr. D.N.J. 1993). The arbitration agreement between Lewallen and Green Tree specifically provided that

> Lender retains an option to use judicial or non-judicial relief to enforce
> a security agreement relating to the collateral secured in a transaction

underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. . . . [A lawsuit of this sort] shall not, constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought by Lender pursuant to this provision.

Thus, Green Tree had the right to collect Lewallen's debt by way of judicial proceedings rather than arbitration, and its filing a proof of claim in her bankruptcy case was not inconsistent with its right to arbitrate.

While the above provision reserved Green Tree's right to file a court action instead of arbitration to collect the debt, it is more problematic for Green Tree that it failed to seek arbitration in the fall of 2004 when Lewallen filed an objection to its proof of claim and accused it of violating the Real Estate Settlement Procedures Act, raising affirmative claims that were subject to the arbitration provision. To safeguard its right to arbitration, a party must "do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 391 (7th Cir. 1995). Green Tree had several opportunities to seek arbitration after Lewallen's objection put it on notice of her claims, and it let each of those opportunities pass. First, Lewallen filed her objection to the proof of claim on August 31, 2004, and Green Tree made no mention of arbitration in response. Next, at the March 22, 2005, hearing on the objection, Green Tree's counsel not only failed to mention arbitration of the claims but asked the bankruptcy court to overrule the objection and affirmatively stated her position that "these issues can only be resolved in an adversary proceeding." Yet again, even after Lewallen filed her complaint in May, Green Tree served discovery, sought an extension of time to respond to the complaint, and participated in a joint motion to continue the trial date. It was not until its July 28, 2005, motion to dismiss that Green Tree invoked its right to arbitration. This amounts to an approximately eleven-month delay.

Green Tree contends that it was powerless to seek arbitration until Lewallen actually filed her complaint in the adversary proceeding on May 24, 2005. In other cases, however, creditors have sought arbitration upon the debtor's objection to the proof of claim rather than waiting for the debtor to file an adversary proceeding. See, e.g., In re Farmland Indus., Inc., 309 B.R. 14, 17 (Bankr. W.D. Mo. 2004). Green Tree fails to explain why it could not have asserted its right to arbitration earlier than it did. It only argues that Lewallen is to blame for the delay because she improperly raised her claims by way of an objection rather than an adversary proceeding. Green Tree exaggerates the significance of Lewallen's selection of a procedural device. Contrary to Green Tree's depiction, the bankruptcy court did not rule that Lewallen acted improperly in raising her claims by way of an objection, but only observed that the parties had the option to resolve those claims in an adversary proceeding, which offered the evidentiary and procedural protections of Bankruptcy Rule 7001. See Bankruptcy Rule 3007 (objections to claims take on the procedural form of an adversary proceeding when they are coupled with certain additional demands for relief). Procedural form has little practical significance in this case, where the adversary complaint largely restates Lewallen's objection to the proof of claim; moreover, Lewallen specifically stated that she planned to raise Real Estate Settlement Procedures Act claims both in her objection and again at the March 2005 hearing. While Lewallen's and the district court's calculation of a 16-month delay is slightly overstated because Green Tree could not have been expected to seek arbitration in conjunction with filing its proof of claim, we conclude that Green Tree could have requested arbitration approximately eleven months sooner than it did. This delay is inconsistent with its right to arbitrate. See Stifel, 924 F.2d at 158 (six-month delay in moving to compel arbitration, plus engaging in discovery on arbitrable claims, was inconsistent with the right to arbitrate).

Green Tree also acted inconsistently with its right to arbitrate by urging the bankruptcy court to dispose of Lewallen's claims on the merits, reserving arbitration as an alternative avenue to resolve the dispute. Green Tree sought dismissal of the

complaint on the grounds of judicial estoppel, failure to state a claim against defendant U.S. Bank, failure to establish all the elements of her Missouri law claim, statute of limitations, inapplicability of the Fair Debt Collection Practices Act, and standing. Green Tree filed a supplemental memorandum of law in support of the motion to dismiss, asserting these grounds as an alternative to arbitration. At the hearing on the motion to dismiss, Green Tree encouraged the court to dismiss the case on statute of limitations grounds or on a judicial estoppel theory "prior to even reaching the arbitration." Green Tree especially urged the court to dismiss the complaint against U.S. Bank with prejudice, arguing that Lewallen had failed to allege wrongdoing by U.S. Bank. An arbitration provision gives parties "the choice of an alternative, nonjudicial forum" to resolve their disputes, but it does not go so far as to "allow or encourage the parties to proceed, either simultaneously or sequentially, in multiple forums." Cabinetree, 50 F.3d at 390. Thus, Green Tree's request that the bankruptcy court dispose of the case on the merits "prior to even reaching the arbitration" is inconsistent with resolving the case through arbitration. See Kelly, 352 F.3d at 349-50 (party acted inconsistently with his right to arbitrate when he "consistently encouraged the district court to resolve the entire dispute").

Green Tree's actions in serving discovery requests on Lewallen similarly were inconsistent with its right to arbitrate. Green Tree asserts that the district court erred in finding that it served discovery requests on Lewallen during the underlying bankruptcy. Even if Green Tree did not initiate discovery during the proof of claim phase of the bankruptcy proceedings, however, the record shows that Green Tree did serve discovery requests (which it later moved to exclude from the record), including lengthy interrogatories and requests for production of documents, after the adversary proceeding commenced. Green Tree did not file its motion to compel arbitration until a few days before Lewallen's responses were originally due, and the record shows that Lewallen had begun preparing responses to the requests. Green Tree also sought an extension of time to respond to Lewallen's discovery requests, and the parties filed a joint motion to continue the trial setting two weeks before Green Tree raised its right to arbitration. To illustrate the minimal nature of the discovery that occurred, Green

Tree emphasizes that it moved to stay discovery shortly after serving its requests and that neither party served discovery responses on the other. This assertion is somewhat disingenuous, as Green Tree moved for the stay after the bankruptcy court denied its motion to dismiss or to compel arbitration. Although the parties never served their discovery responses, we cannot say the bankruptcy and district courts clearly erred in characterizing Green Tree's discovery requests as extensive. Green Tree's participation in discovery was inconsistent with its right to arbitrate Lewallen's claims.

Green Tree's actions, however, are not the end of the inquiry. Even where a party has acted inconsistently with its right to arbitrate, it has not waived that right unless its actions prejudice the other party. A party is so prejudiced when the "parties use discovery not available in arbitration, when they litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts." Kelly, 352 F.3d at 349. In concluding that Green Tree's actions prejudiced Lewallen, the bankruptcy court reasoned that it would be "inequitable" to require Lewallen to arbitrate her claims "at this stage" after the parties had participated in discovery, that arbitration would put Lewallen at a "great disadvantage," and that arbitration would impose duplicative expenses on her.

We conclude that Lewallen has been prejudiced by Green Tree's late assertion of its right to arbitrate her claims and its participation in the litigation process. First, Green Tree requested that the bankruptcy court rule in its favor on the merits of Lewallen's claims; she likely would incur duplicative expenses if forced to arbitrate issues that have already been presented to the courts. Lewallen also has incurred expenses in the discovery process. Green Tree argues that there can be no discovery-related prejudice where neither party has served discovery responses on the other, because their investment in the discovery process is minimal, and neither party has divulged information that would not be discoverable in arbitration. See Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 26 (2d Cir. 1995). This position overlooks the time and expense Lewallen has invested in preparing and serving discovery requests, which she has been doing since September of 2004, and

preparing responses to Green Tree's discovery requests (although they have not been completed or delivered). Participation in discovery is not per se prejudicial, see Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985), but Lewallen has been prejudiced here where Green Tree has sent her down the road of trial preparation at a time when she can ill afford to waste resources. Moreover, Green Tree's delay has hindered the administration of Lewallen's bankruptcy estate; it could have requested arbitration anytime after Lewallen objected to the proof of claim but failed to do so, instead inexplicably waiting almost eleven months to invoke its contractual right. Green Tree points out that, at the March 2005 hearing, the bankruptcy court admonished Lewallen for failing to make progress on her objection. Assuming she was a willing participant in the multiple continuances granted between August 2004 and March 2005, we do not consider that period of delay to be prejudicial. Nonetheless, Green Tree delayed invoking its right to arbitration when at the hearing it insisted that Lewallen file an adversary proceeding and when, after receiving her complaint, it served discovery before moving to compel arbitration. We conclude that Lewallen has been prejudiced by Green Tree's attempt to litigate the merits of her claims, participation in discovery, and delay. See Kelly, 352 F.3d at 350 (expense, delay, and duplication of efforts show prejudice). Indeed, because they have had to litigate the motion to compel arbitration in the middle of her Chapter 13 proceedings instead of earlier, "the parties have been deprived of arbitration's main purpose: efficient and low-cost resolution of disputes." Reis v. Peabody Coal Co., 935 S.W.2d 625, 631 (Mo. Ct. App. 1996).

Having concluded that Green Tree waived its right to arbitrate Lewallen's claims, we need not reach the parties' vigorous dispute about whether Lewallen's claims were "core" bankruptcy matters and whether the bankruptcy court had discretion to refuse to compel arbitration. We affirm the denial of Green Tree's motion to dismiss or, in the alternative, compel arbitration.

_____