# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-2323

———————————————

Richard A. Messina

*Plaintiff - Appellee*

v.

North Central Distributing, Inc., doing business as Yosemite Home Decor

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

——————————

Submitted: March 15, 2016
Filed: May 10, 2016

——————————

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

——————————

MURPHY, Circuit Judge.

Richard Messina sued his former employer, North Central Distributing, Inc. d/b/a Yosemite Home Decor ("Yosemite") in Minnesota state court for breach of contract and wrongful termination. Yosemite removed the case to federal court, filed an answer, and later moved to transfer venue to the Eastern District of California.

The district court[1] denied that motion. Then, eight months after Messina filed his complaint, Yosemite moved to compel arbitration. The court denied that motion as well, after finding that Yosemite had acted inconsistently with its right to arbitration to the prejudice of Messina. It thus concluded that Yosemite had thereby waived the right. Yosemite appeals that decision. We affirm.

I.

Messina traveled to Fresno, California in August of 2012 to negotiate and sign an employment contract with Yosemite's vice president Rockie Bogenschutz. Messina alleges that the two year contract made him Yosemite's vice president of sales and allowed him to work from his home in Minnesota. Messina also signed an arbitration agreement separate from the employment contract. Messina worked for Yosemite for about six months until he was terminated in January 2013.

Messina sued Yosemite in Minnesota state court for wrongful termination and breach of contract on July 1, 2014 and served Yosemite on July 7. Yosemite removed the case to federal court in the District of Minnesota in August. It then filed an answer raising twenty four affirmative defenses but did not mention arbitration. The parties filed a joint Rule 26(f) report in November which included a discovery and motion schedule and stipulated that the parties would be ready for trial in August 2015. The report also stated that the parties had discussed alternative dispute resolution and recommended mediation, but this report also did not mention arbitration.

On November 26 Yosemite moved to transfer venue to the Eastern District of California where it is headquartered. Messina states that counsel for the two parties

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

conferred several times by phone prior to the filing of the transfer motion and that Yosemite's counsel never mentioned arbitration. In its motion Yosemite argued that convenience of the parties, convenience of the witnesses, and the location of evidence favored a transfer to Fresno. Again it did not mention arbitration. Messina's response in opposition to the motion to transfer included several affidavits and identified a list of witnesses who might testify on his behalf. On December 2 the parties attended a Rule 16 scheduling conference at which Yosemite again failed to mention arbitration. The district court denied Yosemite's motion to transfer on January 27, 2015.

According to Messina, Yosemite's attorney contacted his counsel on February 10 "and for the first time disclosed the Arbitration Agreement." Yosemite asked Messina to stipulate to arbitration. According to Yosemite, this conversation occurred "immediately" after the court denied Yosemite's motion to transfer, and Messina's counsel did not get back to Yosemite as he had allegedly promised. Messina's counsel served discovery on Yosemite on February 19 and a response rejecting Yosemite's request to stipulate to arbitration the following day.

One month later on March 13, more than eight months after the lawsuit was filed, Yosemite moved to compel arbitration. The district court found that Yosemite knew of its existing right to arbitration, that it had acted inconsistently with that right, and that its actions had prejudiced Messina. The court concluded that Yosemite had waived its right to arbitration and thus denied its motion. Yosemite now appeals. See 9 U.S.C. § 16(a)(1).

II.

We review de novo the district court's conclusion that a party has waived arbitration and examine the factual findings underlying that ruling for clear error. Lewallen v. Green Tree Servicing, LLC, 487 F.3d 1085, 1090 (8th Cir. 2007).

Because of the strong federal policy in favor of arbitration, "any doubts concerning waiver of arbitrability should be resolved in favor of arbitration." Id.

A party waives its right to arbitration if it "(1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." Lewallen, 487 F.3d at 1090. A party acts inconsistently with its right to arbitrate if it "substantially invokes the litigation machinery before asserting its arbitration right, . . . when, for example, it files a lawsuit on arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation in a timely manner." Id. (citations omitted). To safeguard its right to arbitration, a party must "do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." Id. at 1091 (quoting Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 391 (7th Cir. 1995)).

Yosemite's conduct satisfies each element of the Lewallen waiver test. First, it knew of its existing right to arbitration because it possessed the arbitration agreement. Second, Yosemite acted inconsistently with its right to arbitrate by proceeding in court for more than eight months before asserting that right. See Lewallen, 487 F.3d at 1090. The Lewallen court concluded that the defendant in that case had waived its right to arbitration after filing discovery, seeking an extension of time to respond to the complaint, filing a joint motion to continue trial, and waiting eleven months to invoke its right until it filed its motion to dismiss. Id. at 1091. Yosemite's eight month delay is of similar length, and it participated in somewhat similar pretrial proceedings. Yosemite "substantially invoke[d] the litigation machinery," id. at 1090, by removing the case to federal court, filing an answer, participating in a pretrial hearing, filing a scheduling report which recommended a trial date and discovery deadlines, and filing a motion to transfer venue.

-4-

Yosemite also failed to "do all it could reasonably have been expected to do" to raise its right at the earliest feasible time. Lewallen, 487 F.3d at 1091. Yosemite failed to mention the arbitration agreement in its answer which listed twenty four other affirmative defenses, in the joint Rule 26(f) report, at the pretrial scheduling conference, or in its motion to transfer venue. As in Lewallen, Yosemite "had several opportunities to seek arbitration after [Messina] put it on notice of [his] claims, and it let each of those opportunities pass." Id. Moreover, until Yosemite filed its motion to compel arbitration in March 2015, it had consistently indicated that it was prepared to take the case to trial in federal court and never indicated otherwise. For example, in the joint Rule 26(f) report Yosemite recommended that the district court set a trial date on or after August 1, 2015. In its motion to transfer venue, Yosemite argued that it would be a hardship "to litigate this matter in Minnesota" as opposed to "litigating in the Eastern District of California," and that the court in California would have more expertise in applying California law. Through these actions and comments, Yosemite "evidenced a preference for litigation that supports a finding of waiver." See PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 109 (2d Cir. 1997).

Yosemite only moved to compel arbitration after it lost the motion to transfer venue. The timing of Yosemite's actions demonstrates that it "'wanted to play heads I win, tails you lose,' which 'is the worst possible reason' for failing to move for arbitration sooner than it did." Hooper v. Advance Am., Cash Advance Centers of Mo., Inc., 589 F.3d 917, 922 (8th Cir. 2009) (quoting Cabinetree, 50 F.3d at 391). The district court thus did not err in finding that Yosemite acted inconsistently with its right to arbitration.

Yosemite's actions caused Messina prejudice because, as the district court found, he "spent considerable time and money obtaining new counsel, partaking in pretrial hearings, and responding to the transfer motion." Prejudice from a failure to assert an arbitration right occurs when, for example, "parties use discovery not available in arbitration, when they litigate substantial issues on the merits, or when

compelling arbitration would require a duplication of efforts." Kelly v. Golden, 352 F.3d 344, 349 (8th Cir. 2003). Delay in seeking to compel arbitration "does not itself constitute prejudice." Stifel, Nicolaus & Co. Inc. v. Freeman, 924 F.2d 157, 159 (8th Cir. 1991). Delay can however combine with other factors to support a finding of prejudice. Kelly, 352 F.3d at 350 (district court did not err in finding prejudice when party seeking arbitration caused "substantial delay," expenses, and potential duplication of efforts when it "failed to object or move to compel arbitration throughout a year of court proceedings").

Yosemite caused delay by waiting eight months from the time of filing to first mention arbitration. During that time Messina was forced to defend against Yosemite's motion to transfer venue to California where Yosemite sought to "litigate" the case. In response to that motion, Messina compiled affidavits and a list of witnesses. Later after Yosemite agreed to a discovery schedule, Messina served discovery on Yosemite. According to Messina, he has spent "considerable time and thousands of dollars" on the lawsuit to date, including obtaining new counsel. Further, granting Yosemite's belated motion to compel arbitration would likely cause Messina to duplicate his efforts to keep the case in Minnesota which Yosemite would presumably seek to arbitrate in California. See Kelly, 352 F.3d at 349–50. The district court thus did not err in finding that Yosemite's actions prejudiced Messina.

Because Yosemite knew of its right to arbitrate, acted inconsistently with that right, and prejudiced Messina by its failure even to mention arbitration despite multiple opportunities to do so over eight months of litigation, we conclude that Yosemite waived its right to arbitration. Lewallen, 487 F.3d at 1090.

III.

For these reasons the judgment of the district court is affirmed.

_____