# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-2181

———————————————

Debbie McCoy

*Plaintiff - Appellee*

v.

Walmart, Inc.; Walmart Stores East, L.P.; Walmart Stores Arkansas, LLC

*Defendants - Appellants*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: February 18, 2021
Filed: September 17, 2021

——————————

Before SMITH, Chief Judge, WOLLMAN and STRAS, Circuit Judges.

——————————

STRAS, Circuit Judge.

Despite actively litigating this case in federal court for more than a year, Walmart claims that the dispute really belongs in arbitration. The question is

whether the company waived its right to arbitrate. Like the district court,[1] we conclude that it did.

I.

Debbie McCoy purchased Walmart gift cards as Christmas presents. The cards turned out to be worthless, however, because one had been deactivated and the other had no balance remaining. McCoy, seeking to represent a nationwide class of disgruntled gift-card purchasers, sued Walmart, Inc., Walmart Stores East, L.P., and Walmart Stores Arkansas, LLC, in Missouri state court.

Over the next fifteen months, Walmart gave no hint that it was interested in arbitration. To the contrary, it immediately removed the case to federal district court, *see* 28 U.S.C. §§ 1332(a)(1), (d)(2), 1441(a), and then filed a motion to dismiss "all counts," *see* Fed. R. Civ. P. 12(b)(2), (6). McCoy responded with a ten-count amended complaint.

Walmart once again moved to dismiss "on multiple grounds." The motion covered numerous issues, from personal jurisdiction to merits issues like Walmart's potential liability for the wrongful acts of third parties. Still no mention of arbitration.

Walmart's personal-jurisdiction argument dominated the next few months. After McCoy conducted discovery in response, the district court granted Walmart's motion in part, including dismissing the non-Missouri class members. It also dismissed one count for failure to state a claim, and McCoy voluntarily abandoned several others.

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

-2-

The case continued to gain steam. Walmart filed an answer, discovery expanded, the parties jointly submitted a proposed scheduling order, and a trial date was set. Yet more silence on arbitration.

That changed once McCoy served interrogatories and a request for production on Walmart. At that point, Walmart both moved to amend its answer to add arbitration as an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), and requested the case be sent there, *see* 9 U.S.C. § 4. Although the district court permitted the amendment, it refused to compel arbitration. In the district court's view, "Walmart [had] waived its right to arbitrate" by "substantially invok[ing] the litigation machinery."

## II.

Arbitration is a waivable contractual right. *See Sitzer v. Nat'l Ass'n of Realtors*, No. 20-1779, 2021 WL 4125787, at *1 (8th Cir. Sept. 10, 2021). It can be waived in a variety of circumstances, including by "substantially invok[ing] the litigation machinery" rather than promptly seeking arbitration. *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1090 (8th Cir. 2007). Specifically, when a party "(1) kn[ows] of an existing right to arbitration; (2) act[s] inconsistently with that right; and (3) prejudice[s] the other party [with its] inconsistent acts," waiver occurs. *Ritzel Commc'ns, Inc. v. Mid-Am. Cellular Tel. Co.*, 989 F.2d 966, 969 (8th Cir. 1993).

As we recently explained, when the relevant conduct happens in court, waiver is for the judge, rather than an arbitrator, to decide. *See Sitzer*, 2021 WL 4125787, at *2–3 (discussing the various types of waiver and who gets to decide them); *N&D Fashions, Inc. v. DHJ Indus., Inc.*, 548 F.2d 722, 728 (8th Cir. 1976) (same). Our review is de novo, but we examine any underlying factual findings for clear error. *See Lewallen*, 487 F.3d at 1090. "[A]ny doubts [about] waiver . . . should be resolved in favor of arbitration." *Dumont v. Saskatchewan Gov't Ins.*, 258 F.3d 880, 886 (8th Cir. 2001) (quotation marks omitted).

Fortunately, the parties' arguments have narrowed the issues. With no dispute that Walmart knew about the possibility of arbitration and only raised it after 15 months, our task is to decide whether, during this time, Walmart "acted inconsistently with its right to arbitrate" and "prejudiced" McCoy along the way. *Ritzel*, 989 F.2d at 969.

A.

First, Walmart took several actions that were inconsistent with its right to arbitrate. *See Lewallen*, 487 F.3d at 1090. Perhaps most notable were its two attempts to dismiss the case "in its entirety." *See Hooper v. Advance Am., Cash Advance Ctrs. of Mo., Inc.*, 589 F.3d 917, 922 (8th Cir. 2009). It first sought dismissal of "all [the] counts" in McCoy's complaint, and then followed up with a second motion requesting dismissal "on multiple grounds." Even a single attempt to seek "immediate and total victory" on the merits can waive arbitration. *Id.* Here, Walmart did it twice.

It makes no difference that the filings focused on more than just the merits. In the second motion, for example, Walmart argued that the district court lacked personal jurisdiction over any claims brought by putative class members residing outside of Missouri. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1780 (2017) (discussing the differences between general and specific jurisdiction). The problem, however, is that Walmart did more than *just* seek "early dismissal of the case on jurisdiction and quasi-jurisdictional grounds." *Dumont*, 258 F.3d at 886–87; *see also Morgan v. Sundance, Inc.*, 992 F.3d 711, 714 (8th Cir. 2021). Rather, as it acknowledges, the motions also "focused on pleading deficiencies" and "sought dismissal of frivolous claims." *See Hooper*, 589 F.3d at 919, 922 (affirming a finding of waiver even though part of a motion to dismiss addressed a jurisdictional argument); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (explaining that a dismissal for failure to state a claim is "a judgment on the merits" (internal quotation marks omitted)).

-4-

Besides, Walmart's actions went beyond these two filings. It participated in discovery, including filing a joint scheduling order and serving its initial disclosures, which are "hardly the actions of a party trying to move promptly for arbitration." *Sitzer*, 2021 WL 4125787, at *3 (quotation marks omitted); *see also Se. Stud & Components, Inc. v. Am. Eagle Design Build Studios, LLC*, 588 F.3d 963, 968–69 (8th Cir. 2009) (participating in discovery can show waiver).

We are not persuaded otherwise simply because Walmart eventually decided to list arbitration as a potential defense in its amended answer. *See Kelly v. Golden*, 352 F.3d 344, 350 (8th Cir. 2003) ("He . . . did not raise an arbitration claim until after the district court had ruled against him on all of his motions on the merits of the case."). After all, by that time, it had "substantially invoke[d] the litigation machinery" by filing two motions to dismiss and participating in the early stages of discovery. *Lewallen*, 487 F.3d at 1090. It had, in other words, *already* acted inconsistently with its right to arbitrate. *See Sitzer*, 2021 WL 4125787, at *3 (noting that "a party cannot keep a contractual right to arbitration in its back pocket and pull it out only when it is ready for a 'do over'"); *Kelly*, 352 F.3d at 350 (noting that the plaintiff had "failed to object or move to compel arbitration throughout a year of court proceedings").

## B.

Second, the delay prejudiced McCoy. For one thing, she had to litigate "substantial issues on the merits." *Id.* at 349. Walmart sought the dismissal of the "entirety" of McCoy's complaint, so she had to mount a considerable response, not just once, but twice. *See Ritzel*, 989 F.2d at 969 (observing that a motion to dismiss necessarily "required responsive actions by" the other side). Indeed, by the time Walmart raised the possibility of arbitration for the first time, McCoy had already experienced "substantial delays" and incurred "significant expense," including over $170,000 in legal fees.

For another, sending this case to arbitration right now would likely result "in a duplication of efforts." *Kelly*, 352 F.3d at 349. Indeed, it would allow Walmart to "reargue issues upon which the district court [had already] ruled," *Hooper*, 589 F.3d at 923, including whether McCoy's amended complaint states a claim. *See Lewallen*, 487 F.3d at 1093.

It is no doubt true that Walmart will lose out on some of the efficiencies of arbitration. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345 (2011). But it only has itself to blame after it failed to "do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." *Lewallen*, 482 F.3d at 1091 (quotation marks omitted). For that reason, the case will remain where Walmart litigated it for well over a year: in federal court.

III.

We accordingly affirm the judgment of the district court.[2]

_____

---

[2]We also deny both of the parties' pending motions.