**Timothy WOODS and Kimberly Gibson, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,**

v.

**CAREMARK PHC, L.L.C. d/b/a CVS Caremark Corporaton and Caremark, L.L.C., Defendants.**

**Case No. 4:14-cv-583-SRB**

United States District Court, W.D. Missouri, Western Division.

Signed 08/02/2016

Derek Braziel, Jack Siegel, Jesse Forester, Dallas, TX, Michael A. Hodgson, Employee & Labor Law Group of Kansas City LLC, Lee's Summit, MO, Eric L. Dirks, Williams Dirks Dameron LLC, Kansas City, MO, for Plaintiffs.

Brian J. Zickefoose, Latrice Nicole Lee, Polsinelli PC, Kansas City, MO, J. Stanton Hill, James Joseph Swartz, Jr., Nancy E. Rafuse, Polsinelli PC, Atlanta, GA, for Defendants.

## ORDER

JUDGE STEPHEN R. BOUGH,
UNITED STATES DISTRICT COURT

Before the Court is Defendants' Motion to Compel Arbitration. (Doc. #114). For the reasons stated more fully below, the motion is DENIED.

### I. Background

On January 1, 2014, Plaintiffs filed this class action and collective action under the Fair Labor Standards Act on behalf of themselves and "similarly situated" employees of Defendants Caremark PHC, L.L.C. and Caremark, L.L.C. Plaintiffs allege they, along with other Customer Care Representatives, performed pre-shift work for which they were not paid in violation of the FLSA and other laws. Defendants filed their motion to compel arbitration on April 15, 2016, more than one year after the Court conditionally certified a FLSA collective action including "all current and former [Caremark] non-exempt hourly CCRs who worked at [Caremark's] Lee's Summit call center as a telephone-dedicated customer service employee in the past three years," more than one year after notice was sent to the collective, and more than one month after Plaintiffs filed their motion seeking nationwide certification of the same collective action.

Defendants argue that the Court must compel arbitration as to all opt-in plaintiffs who signed the CVS Arbitration Policy, which was first implemented in October 2014, well after this litigation was filed. Plaintiffs counter that the CVS Arbitration Policy does not apply to this litigation, and regardless, Defendants waived enforcement of the CVS Arbitration Policy by engaging in litigation and failing to seek to compel arbitration until April 2016. The relevant provisions of the CVS Arbitration Policy state:

> Under this Policy, CVS Health (including its subsidiaries) and its Employees agree that any dispute between an Employee and CVS Health that is covered by this Policy ("Covered Claims") will be decided by a single arbitrator through final and binding arbitration only and will not be decided by a court of jury or any other forum[.] . . .
>
> Covered Claims also include disputes arising out of or relating to the validity, enforceability or breach of this Policy, except as provided in the section below regarding Class Action Waiver. . . .
>
> This Policy does not apply to claims raised in litigation pending as of the date an Employee first receives or views this Policy. . . .

(Doc. #115-1) (emphasis added).

### II. Legal Standard

The Federal Arbitration Act ("FAA") governs the CVS Arbitration Policy. *See* 9 U.S.C. § 2. The FAA carries a presumption of arbitrability. *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir.2013) (citation omitted). "Section 2 requires courts to enforce arbitration agreements according to their terms." *Id.* (citation omitted). "[A]rbitration is a matter of

contract and party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *Newspaper Guild of St. Louis, Local 36047 v. St. Louis Post Dispatch, LLC*, 641 F.3d 263, 266 (8th Cir.2011) (citation and internal quotations omitted). "Thus, when deciding whether to compel arbitration, a court asks whether a valid agreement to arbitration exists, and if so, whether the dispute falls within the scope of that agreement." *Id.*

■ The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the 'question of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002). The Supreme Court has found questions of arbitrability presumptively for a court to decide to include whether the parties are bound by an arbitration agreement and whether an arbitration agreement applies to a particular type of controversy. *Id.* at 84, 123 S.Ct. 588. "Parties are free to arbitrate threshold or 'gateway' questions of arbitrability." *Fox v. Career Educ. Corp.*, No. 4:11–CV–1584–DDN, 2012 WL 1205155, at \*3 (E.D.Mo. Apr. 11, 2012) (finding arbitrator should decide whether arbitration agreement was unenforceable as unconscionable).

### III. Discussion

Defendants state that "Plaintiffs do not and cannot argue that their disputes are somehow outside the reach of the CVS Arbitration Policy." (Doc. #12, p. 2). Defendants misread Plaintiffs' briefing. In fact, Plaintiffs argue, "[T]he CVS arbitration policy expressly excludes cases already on file.... This exclusion begs the question of why this Motion was filed." (Doc #120, p. 11). The Court finds that by the CVS Arbitration Policy's plain terms, it does not apply to this litigation, which

was pending before implementation of the Policy, and the Court need not decide Plaintiffs' other arguments opposing arbitration, including but not limited to waiver.

Initially, the Court notes that a decision requiring interpretation of the CVS Arbitration Policy's language does not fall within the so-called "delegation clause." The delegation clause applies only to decisions regarding the "validity, enforceability, or breach of [the] Policy[.]" Deciding "enforceability" issues is not the same as deciding whether or not a dispute falls within the CVS Arbitration Policy. Because the parties did not clearly and unmistakably provide that *all* arbitrability issues would be decided by an arbitrator or more specifically that whether the Policy applies to a particular controversy would be decided by an arbitrator, this Court decides the issue. *See Howsam*, 537 U.S. at 83, 123 S.Ct. 588.

■ By its plain terms, the CVS Arbitration Policy does not apply to this litigation. Again, the Policy states, "This Policy does not apply to claims raised in litigation pending as of the date an Employee first receives or views this Policy." The term "pending" modifies the term "litigation." "Pending" does not modify the term "claims." Accordingly, the CVS Arbitration Policy does not apply to litigation pending as of the date an Employee first receives or views the Policy regardless of whether that Employee's claim was a part of the pending litigation at the time the Employee received or viewed the Policy. The Employee could have a claim added to pending litigation after receiving or viewing the Policy that would fall outside the scope of the CVS Arbitration Policy so long as the litigation was pending at the time the Employee first received or viewed the Policy.

Such is the case here. This case has been on file since January 1, 2014. An Amended Class Action Complaint was filed without objection on October 6, 2014. Both

dates precede implementation of the CVS Arbitration Policy. The Amended Class Action Complaint alleges, "Defendants' policy and practice is to deny earned wages and overtime pay to its telephone-dedicated hourly employees at its call center facilities.... This lawsuit is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiffs and all other similarly situated workers employed in Defendants' call centers *nationwide*." (Doc #23, ¶¶ 3, 5) (emphasis added). Clearly, the litigation has been "pending" since well before any opt-in Plaintiff joined the litigation, and Defendants were on notice of Plaintiffs' intention to proceed on behalf of a nationwide class and collective since the inception of the litigation.

Defendants' reliance on *Genesis Healthcare Corp., v. Symczyk*, ⸺ U.S. ⸺, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013), does not compel a different result. At oral argument Defendants' counsel directed the Court to *Genesis Healthcare* in support of its position that the CVS Arbitration Policy applies to all opt-in Plaintiffs who signed the Policy because they did not have pending claims at the time they signed. *Genesis Healthcare Corp.* holds opt-in plaintiffs "become parties to a collective action only by filing written consent with the court, § 216(b)." *Id.* at 1530. If the CVS Arbitration Policy's exemption provision applied to "pending claims," Defendants' position might be persuasive. Because the exemption provision applies to "pending litigation," however, Defendants' argument fails.

▇▇▇ Plaintiffs argue that because Defendants actively litigated the case for a year and a half before seeking to compel arbitration, Defendants waived the right to arbitrate. Defendants argue that waiver does not apply because they have not acted inconsistently with their right to arbitration. "A party may be found to have waived its right to arbitration if it: (1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1090 (8th Cir.2007) (internal quotation marks omitted); *see also Messina v. N. Cent. Distrib.*, 821 F.3d 1047 (8th Cir.2016) (holding that the defendant waived its right to arbitrate when it removed the case to federal court, sought to transfer venue, then moved to compel arbitration eight months after the suit was filed). A party acts inconsistently with its right to arbitration if, for instance, it "fails to move to compel arbitration and stay litigation in a timely manner." *Id.* (citation omitted). Additionally, "[t]o safeguard its right to arbitration, a party must 'do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration.'" *Id.* at 1091 (quoting *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)).

Defendants' concede knowledge of existing right to arbitration as of March 23, 2015, the date that the Consent to Join was filed by Rhonda Milligan. By defendants' own admission, it waited over a year between the filing of Milligan opt-in and the filing of the Motion to Compel Arbitration. A wealth of extensive litigation occurred in this time frame, including scheduling conferences, motions for class certification, court-ordered notice being sent to class members, depositions of plaintiffs and several hearings. There can be little doubt that that the defendants knew of the right, sat on those rights by acting inconsistently with the arbitration provision and that plaintiffs were prejudiced by expending large sums of attorney time and money. Accordingly, the Court finds that defendants waived their arbitration rights.

Finally, plaintiffs seek corrective notice to the class. At this point there is no evidence that any potential opt-in plaintiffs were misled by any communications of the defendants. Lay class members will likely be confused by additional notices and explanations regarding arbitration. The request for corrective notice is denied.

Accordingly, Defendants' Motion to Compel Arbitration (Doc. #114) is DENIED.

**IT IS SO ORDERED.**