# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-2046
_____

Robert Sommerfeld; James Kawamoto; Gregory Benak

*Plaintiffs - Appellants*

v.

Adesta, LLC

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: March 17, 2021
Filed: June 24, 2021
_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Adesta, LLC ("New Adesta") initiated an arbitration against the guarantors of certain indemnification obligations. Three of the guarantors, Robert Sommerfeld, James Kawamoto, and Gregory Benak (collectively, "Plaintiffs"), brought an action in Nebraska state court seeking a declaration that New Adesta's arbitral claims were released and discharged in a settlement agreement. New Adesta removed the case to

federal court and moved to compel arbitration and dismiss Plaintiffs' case. The district court[1] granted New Adesta's motion in its entirety. We affirm.

## I.     BACKGROUND

Plaintiffs were executives and prime shareholders of a company that sold Adesta, LLC ("Old Adesta").[2] The purchase agreement ("Purchase Agreement") executed in 2009 contains three provisions relevant to this appeal. One provision provides that Plaintiffs would indemnify the purchaser (and personally guarantee the indemnification obligation) for any liability arising out of work Old Adesta had done for the New York State Thruway Authority ("NYSTA"). The other provisions pertain to arbitration and include: (1) a general clause incorporating the Commercial Arbitration Rules of the American Arbitration Association and providing that "[a]ny dispute, controversy or claim arising out of or relating to any Purchase Document or the performance by the Parties . . . shall be settled by binding arbitration held in Chicago, Illinois," and (2) a specific clause allowing the purchaser to initiate an arbitration if the NYSTA indemnification obligations are not satisfied.

Following the sale, Plaintiffs continued to work for Old Adesta. Between 2014 and 2015, a number of Old Adesta executives, including Kawamoto and Benak, left to start their own venture. Old Adesta brought a state action in Nebraska and a federal action in the Northern District of Illinois. Relevant to this appeal, Old Adesta alleged that Kawamoto and Benak breached their restrictive covenants and

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

[2]Old Adesta's name has changed a couple of times. We refer to this entity as "Old Adesta" regardless of whether the entity's name was Adesta, LLC; G4S Technology, LLC; or G4S Secure Integration LLC.

misappropriated trade secrets related to their new venture. Neither action included claims related to the NYSTA obligations.

In 2017, the parties to the Nebraska and Illinois actions, as well as certain third parties including Sommerfeld, entered into a Release and Settlement Agreement ("Settlement Agreement") that purported to resolve the disputes that formed the basis of those actions. The Settlement Agreement does not mention any NYSTA claims or indemnification obligations.

On September 30, 2019, New Adesta (formed in 2017 and wholly owned by Old Adesta) filed a demand for arbitration, alleging that Plaintiffs, while employed as executives at Old Adesta, oversaw repair work for the NYSTA project. New Adesta further alleged that it later learned the work had been improperly performed, giving rise to claims for indemnification. Shortly after New Adesta initiated the arbitration, Plaintiffs filed this action in Nebraska state court, seeking a declaration that the claims asserted by New Adesta in the arbitration proceeding were released by the Settlement Agreement. New Adesta removed the case to federal court and successfully moved to compel arbitration and dismiss the action. Plaintiffs appeal.

## II.    DISCUSSION

The narrow issue before us is a "gateway" question of whether a valid agreement to arbitrate exists. See Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. ___, 139 S. Ct. 524, 530 (2019) (explaining that "before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists"). We review a district court's grant of a motion to compel arbitration *de novo*. Donaldson Co. v. Burroughs Diesel, Inc., 581 F.3d 726, 730 (8th Cir. 2009). The arbitrability of a claim turns on "(1) whether the parties entered a valid arbitration agreement, and, (2) if so, whether the parties' particular dispute falls within the scope of the arbitration agreement." Parm v. Bluestem Brands, Inc., 898 F.3d 869, 873 (8th Cir. 2018) (cleaned up).

It is indisputable that the Purchase Agreement contains arbitration clauses. Vigorously disputed, however, is whether the Settlement Agreement that resolved litigation on certain claims abrogated the arbitration clauses, and/or whether New Adesta's arbitral claims fall within the scope of those clauses.

While we agree that a district court should generally avoid weighing the merits of a dispute, see AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986), Plaintiffs, here, invited the district court to peek at the merits when they incorporated merits issues into their arguments as to why there was no valid agreement to arbitrate. In particular, Plaintiffs argued that the NYSTA claims are not subject to arbitration because the Settlement Agreement released the NYSTA claims, and claims released in a settlement agreement are not subject to arbitration. Plaintiffs may not now claim error when the court considered exactly what they asked it to consider.[3]

Generally, the Settlement Agreement released claims alleged in two other actions. Because a release of claims is different than an abrogation of contractual terms, In re American Express Financial Advisors Securities Litigation, 672 F.3d 113 (2d Cir. 2011) ("American Express"), is inapposite. In American Express, the Second Circuit found that the language in the settlement agreement did more than merely release certain disputed claims; instead, it "*revoked* Ameriprise's consent to arbitrate certain claims." Id. at 131. Put another way, the language abrogated certain terms of the prior agreement, including the arbitration clause (with respect to certain claims). This is not the situation here. The underlying issue, indemnification for the NYSTA work, is not a matter that was addressed in the Settlement Agreement, the Nebraska action, or the Illinois action. The Settlement Agreement does not mention,

---

[3]The district court made clear that its analysis was limited when it noted that resolution of whether the claims have been released is an affirmative defense to the plaintiffs' obligations as guarantors under the Purchase Agreement and would be an issue for the arbitrator to decide.

let alone terminate, the Purchase Agreement or its arbitration clauses. Nor does it mention the NYSTA obligations or indemnification. Unlike in American Express, there is simply no obvious abrogation of the arbitration clauses.

Likewise, the Settlement Agreement's merger clause does not render the Purchase Agreement's arbitration clauses inoperable to adjudicate the NYSTA claims. "A binding completely integrated agreement discharges prior agreements to the extent that they are within its scope." Restatement (Second) of Contracts § 213(2) (Am. L. Inst. 1981).[4] Disputes as to NYSTA obligations fall entirely outside the scope of the Settlement Agreement. The Settlement Agreement provides for the payment of certain financial consideration in exchange for the dismissal of the Nebraska and Illinois actions and released claims "arising out of or in connection with" those asserted in the two lawsuits. It also includes certain restrictive covenants (related to the restrictive covenants that were allegedly breached giving rise to the two actions) and provides for the return or destruction of the allegedly misappropriated trade secrets. The Settlement Agreement simply does not cover other claims or subject matters. Plaintiff's merger argument is unavailing.

Lastly, Plaintiffs object to dismissal of the action. We review a decision to dismiss for an abuse of discretion. Green v. SuperShuttle Int'l, Inc., 653 F.3d 766, 769 (8th Cir. 2011). While the Federal Arbitration Act "generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it[,] . . . district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." Id. at 769–70 (citations omitted). The district court did not abuse its discretion when it fully adjudicated the only claim for relief sought by Plaintiffs.

---

[4]Nebraska law governs the interpretation of the Settlement Agreement under the choice-of-law provision. Nebraska follows the Restatement (Second) of Contracts. See, e.g., Rowe v. Allely, 507 N.W.2d 293, 296 (Neb. 1993).

## III. CONCLUSION

For the foregoing reasons, the Settlement Agreement neither abrogated, modified, nor terminated the arbitration clauses set forth in the Purchase Agreement. The parties have a valid agreement to arbitrate the claims at issue, which fall within the scope of the arbitration clauses. Resolution of claims of release and satisfaction are affirmative defenses to the duty to indemnify, which we leave to the arbitrator to decide.

_____