# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 22-2835

———————————————

Breadeaux's Pisa, LLC

*Plaintiff - Appellant*

v.

Beckman Bros. Ltd., doing business as Main Street Pizza

*Defendant - Appellee*

————————

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

————————

Submitted: September 21, 2023
Filed: October 16, 2023

————————

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.

————————

ERICKSON, Circuit Judge.

Breadeaux's Pisa, LLC ("Breadeaux") initiated this action against its franchisee, Beckman Bros. Ltd. ("Main Street Pizza"), in federal court seeking a preliminary injunction, a permanent injunction, and declaratory judgment. After litigating its preliminary injunction, mediating, and participating in discovery proceedings, Breadeaux filed a demand for arbitration in which it sought to relitigate its preliminary injunction and avoid the court's adverse discovery rulings.

Breadeaux then moved to stay all proceedings pending completion of arbitration. The district court[1] denied Breadeaux's motion. We affirm.

## I.     BACKGROUND

Pursuant to a Franchise Agreement ("Agreement") dated May 8, 2006, Main Street Pizza operated as a franchisee restaurant in Mount Pleasant, Iowa. The Agreement provided for an initial term of 15 years with the option to renew for an additional 15-year term. The Agreement was not renewed and expired in May 2021. In July 2021, Breadeaux sent Main Street Pizza a cease-and-desist letter, asserting Main Street Pizza was in violation of the Agreement for continuing to operate a pizzeria in the same location. The Agreement allows the franchisor, Breadeaux, to enforce its provisions either by filing a lawsuit for equitable relief or initiating mediation and arbitration.

Section 19.01 of the Agreement provides: "[t]he Franchisor shall be entitled . . . to the entry of temporary restraining orders and temporary and permanent injunctions enforcing the provisions of this Agreement and any of the Franchisor's specifications, standards or operating procedures or any other obligations of the Franchisee." R. Doc. 5-1, p. 25. Section 19.01 specifically provides:

> The Franchisor's right to obtain injunctive or other equitable relief is in addition to any other remedy the Franchisor may have under this Agreement and will in no way limit or prohibit the Franchisor from obtaining money damages from Franchisee in the event of Franchisee's breach of this Agreement.

Id.

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

Section 19.02 includes a mediation provision with a carve-out for equitable relief:

> Except with respect to matters for which the Franchisor believes it necessary to seek equitable relief, all of the parties (even if other parties are included in the matter) agree to enter into mediation of all disputes involving this Agreement or any other aspect of the relationship between them, for a minimum of four (4) hours, prior to the initiation of any legal action or arbitration claim against the other.

Id.

Similarly, Section 19.03 includes an arbitration provision with a carve-out for equitable relief:

> Except insofar as the Franchisor elects to enforce this Agreement by judicial process and injunction as provided in Section 19(01) hereof, all disputes and claims relating to any provision hereof, to any specification, standard, operating procedure or other obligation of the Franchisor or to the breach thereof (including, without limitation, any claim that this Agreement . . . or any other obligation of the Franchisee or the Franchisor is illegal, unenforceable or voidable under any law, ordinance or ruling) . . . shall be settled by arbitration . . . ."

Id. at p. 26.

On December 7, 2021, Breadeaux filed a complaint against Main Street Pizza in district court seeking equitable relief, claiming Main Street Pizza had breached the Agreement. Breadeaux alleged that Main Street Pizza violated the non-compete provision by operating a pizza restaurant at the same location it operated a Breadeaux franchise.[2] In its answer, Main Street Pizza denied that it breached the Agreement,

---

[2]The non-compete provision states:

[The Franchisee agrees that it shall not] [f]or a period of two years from the effective date of termination of this Agreement[ ] [or] expiration of

asserted counterclaims for breach of contract, and sought a declaration that the non-compete provision was unenforceable. Breadeaux moved to compel mediation and arbitration of Main Street Pizza's counterclaims in February 2022. The district court granted the motion to compel arbitration and stayed all litigation involving Main Street Pizza's counterclaims.

By March 2022, Breadeaux moved for a preliminary injunction. The district court declined to enter a preliminary injunction. Main Street Pizza then served discovery requests on Breadeaux, but Breadeaux objected on the ground that the requests were frivolous since the parties consented to equitable relief in the Agreement. The district court overruled Breadeaux's objections at a teleconference on July 25, 2022. The district court explained that by denying the preliminary injunction the court implicitly found that discovery on the issue of damages and the enforceability of the Agreement's non-compete provision was necessary. The next day, Breadeaux filed a demand for arbitration again seeking preliminary and permanent injunctions and declaratory judgment against Main Street Pizza.

On July 27, 2022, Breadeaux moved to stay all proceedings pending completion of arbitration, and refused to produce discovery until the court ruled on the motion to stay. At a second discovery dispute teleconference in August 2022, the district court once again overruled Breadeaux's objections and ordered it to respond to Main Street Pizza's discovery requests. Breadeaux then filed a notice of appeal and moved to stay all proceedings pending its appeal pursuant to the Federal Arbitration Act ("FAA"). The district court denied Breadeaux's motion to stay pending arbitration and granted the motion to stay pending appeal.

---

this Agreement . . . directly or indirectly operate or own any interest in any business selling unbaked, baked or cooked pizzas, cheese bread, garlic bread or any related items to the general public for consumption on or off the premises of the business, within a radius of ten (10) miles from the location of the Franchised Restaurant . . . .

R. Doc. 5-1, p. 32.

## II.    DISCUSSION

We have jurisdiction over this interlocutory appeal under § 16 of the FAA. See 9 U.S.C. § 16(a)(1)(A).  We review a denial of a motion to stay pending arbitration under 9 U.S.C. § 3 *de novo*.  Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc., 516 F.3d 695, 698 (8th Cir. 2008).

Notably, Breadeaux is the plaintiff and elected to litigate in the district court below.  Only after a series of adverse rulings did Breadeaux seek to stay the litigation in favor of arbitration. Section 3 of the FAA typically applies to give defendants, not plaintiffs, a right to stay litigation. See Morgan v. Sundance, Inc., 142 S. Ct. 1708, 1710-11 (2022) (citing 9 U.S.C. § 3) (noting that "[w]hen a party who has agreed to arbitrate a dispute instead brings a lawsuit, the [FAA] entitles the defendant to file an application to stay the litigation"); see also Mendez v. Puerto Rican Int'l Cos., 553 F.3d 709, 712 (3d Cir. 2009) ("Section 3 is drafted to fit the paradigm situation in which a motion for a stay pending arbitration occurs—a plaintiff brings suit on a claim involving an issue it is obligated to arbitrate under an agreement in writing with a defendant and that defendant seeks to stay the litigation pending arbitration. The defendant is entitled to a mandatory stay of the 'suit or proceeding' in such circumstances providing it 'is not in default in proceeding with such arbitration.'").

Section 3's stay provision is mandatory when "the issue involved in such suit or proceeding is referable to arbitration" under a valid arbitration agreement.  9 U.S.C. § 3.  We are unpersuaded by Breadeaux's assertion that the only reasonable reading of the arbitration provision in the Agreement is that all claims or disputes, besides Breadeaux's equitable claims, must be arbitrated.  Additionally, Breadeaux elected to enforce the Agreement by judicial process, not through mediation and arbitration.  Under these circumstances, Breadeaux's claims are not referable.

Even if Breadeaux's claims are referable to arbitration, Section 3 also requires that "the applicant for the stay is not in default in proceeding with such arbitration." See 9 U.S.C. § 3.  When addressing whether the applicant defaulted, we determine

whether the applicant waived its contractual right to arbitrate. Arbitration "can be waived in a variety of circumstances, including by 'substantially invok[ing] the litigation machinery' rather than promptly seeking arbitration." McCoy v. Walmart, Inc., 13 F.4th 702, 703 (8th Cir. 2021) (quoting Lewallen v. Green Tree Servicing, L.L.C., 487 F.3d 1085, 1090 (8th Cir. 2007)).

Previously this Court found that "a party waived its right to arbitrate where that party '(1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts.'" Barker v. Golf U.S.A., Inc., 154 F.3d 788, 793 (8th Cir. 1998) (quoting Ritzel Commc'ns, Inc. v. Mid-Am. Cellular Tel. Co., 989 F.2d 966, 969 (8th Cir. 1993)). The Supreme Court recently found that the FAA does not "authorize[] federal courts to create such an arbitration-specific procedural rule." Morgan, 142 S. Ct. at 1711. After stripping the prejudice requirement, the Supreme Court noted the following:

> the Eighth Circuit's current waiver inquiry would focus on defendant's conduct. Did defendant, as the rest of the Eighth Circuit's test asks, knowingly relinquish the right to arbitrate by acting inconsistently with that right? On remand, the Court of Appeals may resolve that question, or (as indicated above) determine that a different procedural framework (such as forfeiture) is appropriate. Our sole holding today is that it may not make up a new procedural rule based on the FAA's policy favoring arbitration.

Id. at 1714 (cleaned up). Since Morgan, we have acknowledged that "[t]o decide whether a waiver has occurred, the court focuses on the actions of the person who held the right; the court seldom considers the effects of those actions on the opposing party." H&T Fair Hills, Ltd. v. All. Pipeline L.P., 76 F.4th 1093, 1100 (8th Cir. 2023) (quoting Morgan, 142 S. Ct. at 1713).

Focusing on Breadeaux's actions is determinative. Breadeaux knew of its right to arbitrate. Yet Breadeaux acted inconsistently with its right by seeking a permanent injunction against Main Street Pizza which would require a determination of arbitrable issues. Breadeaux also acted inconsistently with its right because

-6-

Breadeaux did not seek to arbitrate its remaining claims for equitable relief when the district court declined to enter a preliminary injunction.

Dismissing the action after the denial of the preliminary injunction and seeking arbitration may well have been permitted by the district court, but Breadeaux mediated and waited until the district court overruled its discovery objections. Breadeaux defends its delay in moving to stay by pointing out that the Agreement required it to first mediate before filing for arbitration. However, the mediation provision specifically excludes "matters for which the Franchisor believes it necessary to seek equitable relief." R. Doc. 5-1, pp. 25-26. Because Breadeaux's claims are not referable to arbitration, and even if the claims were referable, Breadeaux defaulted and its motion for stay under 9 U.S.C. § 3 was properly denied.

We next consider whether the district court erred when it resolved arbitration-related issues in two teleconference hearings concerning the parties' discovery disputes. As an initial matter, Breadeaux's argument is unavailing as we have noted that "the 'relate to' standard is 'different and much lower than the question of whether the issues are 'referable to arbitration.'" Reid v. Doe Run Res. Corp., 701 F.3d 840, 848 (8th Cir. 2012). Breadeaux also contends the district court lacked the authority to rule on the discovery disputes, relying on Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524 (2019). We disagree.

The Supreme Court in Henry Schein ruled on a narrow issue: "whether the 'wholly groundless' exception is consistent with the [FAA]." Id. at 528. The Court noted that some federal courts were determining whether issues were arbitrable "[e]ven when the parties' contract delegates the threshold arbitrability question to an arbitrator[.]" Id. at 529. The Supreme Court rejected the "wholly groundless" exception. Id. at 531.

Expanding the narrow holding in Henry Schein as Breadeaux requests would be inconsistent with our precedent. In Sommerfeld v. Adesta, LLC, 2 F.4th 758 (8th Cir. 2021), the plaintiffs argued that on a motion to compel arbitration the court's

authority is limited to determining whether a valid arbitration agreement exists. The plaintiffs contended that the district court overreached by interpreting the settlement agreement and committed clear error by judging the merits of plaintiffs' declaratory judgment complaint. This Court disagreed and found that the plaintiffs "invited the district court to peek at the merits when they incorporated merits issues into their arguments as to why there was no valid agreement to arbitrate." Id. at 761.

Like the plaintiffs in Sommerfeld, Breadeaux invited the district court to "peek" at the non-compete provision when it incorporated it into its claims and sought a declaratory judgment that Main Street Pizza was in breach of the Agreement. Breadeaux continued inviting the district court to "peek" at arbitrable issues when it delayed its decision to seek arbitration of its remaining claims for equitable relief. Like the plaintiffs in Sommerfeld, Breadeaux may not now claim error after inviting the district court to "peek" at these issues.

In addition, Henry Schein, 139 S. Ct. 524, did not disturb the general principle that "[a]rbitration is a waivable contractual right." Sitzer v. Nat'l Ass'n of Realtors, 12 F.4th 853, 855 (8th Cir. 2021). Courts determine whether a party waives arbitration, not arbitrators. Id. Because Breadeaux waived its arbitration rights, the district court did not err when it resolved the parties' discovery disputes.

## III.    CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Breadeaux's motion to stay pending arbitration under 9 U.S.C. § 3 and find the district court did not err in rejecting Breadeaux's request to present discovery disputes related to arbitration to an arbitrator.

_____